**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANTONIO TONY MCKIBBINS, | No. 12-15177 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-00437-RLH-GWF |
| v. | |
| BRIAN WILLIAMS, Warden and ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted May 13, 2013
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and KORMAN, Senior District
Judge.[**]

Nevada state prisoner Antonio McKibbins appeals the district court's denial

of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

robbery with a deadly weapon and failure to stop on the signal of a police officer. He was sentenced as a habitual criminal to life with the possibility of parole after 10 years on the robbery with a deadly weapon charge, and to a consecutive sentence of 2 to 6 years on the failure to stop charge. His conviction was affirmed on direct appeal and in the state post-conviction court. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm the district court's order denying the petition.

McKibbins claims he was denied a fair trial when the trial court allowed his former counsel, Frank Kocka, to speak in private to the trial judge in chambers in support of his motion to withdraw from the case. There is no evidence that Kocka told the trial judge anything that prejudiced McKibbins' trial. McKibbins was appointed new counsel and he did not explicitly raise an ineffective assistance of counsel claim as to either Kocka or substitute counsel. Mere citation of cases that discuss an ineffective assistance of counsel claim is insufficient to raise that claim without any claim that counsel was ineffective in this case.

Further, McKibbins does not claim that there was structural error, nor has he cited any cases for the proposition that he was entitled to be present during this conference. Given that there is no proof as to what Kocka said to the trial judge, McKibbins has failed to meet his burden to prove the state court's denial of this

2

claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

McKibbins also claims he was denied a fair trial when the trial judge allowed the prosecution to call Kocka as a rebuttal witness in response to McKibbins' wife's testimony about her conversations with Kocka.[1] McKibbins' former wife opened the door to her communications with Kocka when she testified she had told Kocka about this defense. The trial judge was careful to keep out all communication between Kocka and McKibbins himself, even when another person was present. Consequently, the decision of the Nevada Supreme Court to deny the claim is not "contrary to, [n]or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Finally, given the overwhelming evidence of guilt, Kocka's testimony was harmless. McKibbins was caught driving the stolen car. He was wearing clothes

---

[1] McKibbins does not claim he was with his wife when she met with Kocka. He was in jail, and the meeting was at Kocka's office. Nor does McKibbins claim that his wife was his representative as set forth in Nevada Revised Statute 49.095 for purposes of the communication.

3

that were in the car at the time it was stolen. The clothes that the robber wore at the time of the robbery were found in the car. He was identified by the victim, her fiancé, and the arresting officer as the man driving the stolen car. He was also identified by the victim as the man who took the car from her by knife.

**AFFIRMED.**